**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY FREEMAN, | No. 09-15701 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-04900-JSW |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted November 3, 2010
San Francisco, California

Before: NOONAN and PAEZ, Circuit Judges, and DUFFY, District Judge.[**]

Kimberly Freeman ("Freeman") appeals the district court's judgment in

favor of her former employer, the Social Security Administration ("SSA"),

following a jury's verdict in favor of SSA on her claim of racial discrimination

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

under Title VII. Freeman challenges the district court's ruling excluding evidence of race discrimination, and the court's jury instruction on similarly situated employees, as well as a curative instruction. Freeman also challenges the grant of summary judgment on her claims of retaliation and hostile work environment. We affirm.

**1.** Freeman first argues that the district court abused its discretion when it excluded evidence of alleged negative treatment of African-American co-workers after she filed her offer of proof thirty-four minutes past the court imposed deadline. Federal Rule of Civil Procedure 16(f)(1) authorizes a district court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii) provides that a court may "prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

Although the district court warned Freeman of the consequences that would ensue if she did not file her offer of proof on time, she filed it late. In response, the district court exercised it discretion under Rule 16(f)(1) and sanctioned Freeman by denying her motion in limine number one, while granting SSA's motions in limine numbers one and two. Consequently, the court excluded all the evidence included

2

in Freeman's offer of proof during trial and she was precluded from presenting the jury with any evidence regarding alleged negative treatment of African-American co-workers. The district court later clarified that it also excluded the evidence under Federal Rule of Evidence 403.

Even assuming that the district court abused its discretion in excluding the evidence as a sanction, any error was harmless. The district court properly exercised its discretion to exclude Freeman's proffered evidence under Rule 403. In doing so, the court engaged in a Rule 403 balancing test on each motion, and concluded that the probative value of Freeman's evidence was outweighed by its prejudicial effect and/or the amount of trial time that would be consumed by the presentation of such evidence. Finding no abuse of discretion, we affirm the district court's evidentiary rulings.

**2.** Freeman also contends that the district court erred in its formulation of the jury instruction regarding similarly situated employees. Specifically, Freeman takes issue with the district court's inclusion of the statement in its instruction that "employees who have not engaged in problematic conduct of comparable seriousness, or employees with differing levels of responsibilities are not similarly situated." Freeman argues that this instruction was tantamount to instructing the jury that she and her co-intern Galan were not similarly situated, making it

impossible for her to establish a pretext for her termination. This argument lacks merit. The district court's instruction was a proper statement of the law as set forth in *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641-42 (9th Cir. 2003). When the instruction is read in its entirety, the jury was provided with the proper legal standard to assess the evidence regarding Freeman and Galan's conduct.

**3.**     Finally, with respect to trial related issues, Freeman contends that the district court improperly excluded evidence of alleged negative treatment of African-American employees through the issuance of a curative instruction. Before trial, the district court granted SSA's motion in limine to exclude evidence of alleged negative treatment of African-Americans in the office. Unavoidably, several witnesses testified to such treatment during their testimony. To preclude the jury from considering such evidence, the district court notified the parties that it was considering whether to issue a curative instruction and requested that each party submit a proposed instruction to that effect.

Following the submission of both parties' proposed instructions, the district court prepared its Proposed Final Jury Instructions. A charging conference was held and Freeman did not object to the district court's proposed curative instruction. By failing to object to the proposed instruction, Freeman failed to

preserve this issue for appeal. *See United States v. Jenkins*, 785 F.2d 1387, 1396 (9th Cir. 1986).

Even if Freeman had preserved the issue, the district court's curative instruction was not improper, as it was consistent with the court's prior rulings on SSA's in limine motion. The court granted SSA's motion in limine to exclude evidence of alleged negative treatment of African-American co-workers to avoid a series of mini-trials on each of their EEO complaints. The court was particularly concerned that such evidence would require the SSA to present evidence that would refute the validity of each co-worker's allegations. At trial, Riggins, among other employees, specifically testified as to their treatment by SSA supervisors. Under these circumstances, the district court did not abuse its discretion in admonishing the jury to disregard evidence that was excluded as a result of the court's ruling on SSA's motion in limine.

**4.** Next, Freeman challenges the grant of summary judgment on her retaliation claim. To show retaliation, a plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) she suffered an adverse action; and (3) there was a causal link between her activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). Freeman alleged that she was terminated for associating with other African-Americans who had filed EEO complaints. Thus,

5

Freeman's retaliation claim is not based on her own participation in protected activity, but rather on her association with other African-American co-workers who engaged in protected activity by filing EEO complaints. Freeman, however, failed to demonstrate a significant relationship with any of her co-workers, sufficient to allow for an associational discrimination claim. Accordingly, the district court correctly concluded that Freeman failed to show that her casual relationship with her office co-workers who had pursued protected activity was a causal link to her firing. We therefore affirm the district court's grant of summary judgment on this claim.

5.    Similarly, the district court properly granted summary judgment on Freeman's hostile work environment claim. To prevail on a hostile workplace claim premised on race discrimination, Freeman had to show that the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *Vasquez*, 349 F.3d at 642. The conduct in this case amounts to an offhand comment and isolated incidents, none of which were so serious, as a matter of law, as to alter Freeman's working conditions. While Freeman may have held a subjective belief that her working conditions had been altered, the objective evidence is insufficient to support that conclusion.

**AFFIRMED.**